UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____ CIV
STATE CASE NO.: CACE 12-017583 (12)

MARIE CORINNE DOUDEAU,

    Plaintiff,

v.

TARGET CORPORATION, a
foreign Corporation,

    Defendant.
_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant, TARGET CORPORATION, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1441 and § 1446, hereby gives notice of the removal to this Court of the case styled, *Marie Corinne Doudeau v. Target Corporation*, filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. 12-017583 (12). As grounds for this removal, the Defendant states the following:

1. Target Corporation is a Defendant in a civil action brought against it in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Marie Corinne Doudeau v. Target Corporation*, Case No. 12-017583 (12). See Pl.'s Compl. attached as Exhibit "A."

2. In the Complaint the Plaintiff, Marie Corinne Doudeau, alleges that on or about August 1, 2011, she was walking in a Target store when she slipped and fell as a result of water on the floor, thereby sustaining personal injuries. Id. at ¶¶ 5-6. The Plaintiff has brought a cause of action for negligence against Target. Id.

3. The aforementioned action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1332, and is one which may be removed to this Court by the Defendant Target Corporation herein, pursuant to 28 U.S.C. §§1441 and 1446. *See* Darden v. Ford Consumer Fin. Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000) (Removal jurisdiction exists only where the district court would have had original jurisdiction over the action).

4. The Plaintiff's claim could have been filed in federal court originally, in that (a) it is an action between citizens of different states; and (b) it is a civil action in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

5. If the case stated by the initial pleading is not removable, the Court can consider "other papers" received by the defendant to determine if the case is removable. *See* 28 U.S.C.A. § 1446(b); Bermudez v. Wal-mart Stores Texas, LLC. aka Walmart Supercenter #470, No.: C–10–1272010, WL 2486868 at *3 (S.D.Tex. 2010) *citing* Ford v. Shoney's Restaurants, Inc., 900 F.Supp. 57, 59 (E.D.Tex. 1995) (*finding* that plaintiff's medical bills satisfy the other paper requirement of 28 U.S.C. § 1446(b)).

### The Parties Are Diverse

6. Complete diversity exists between the parties in this action as:

   a. The Plaintiff is a citizen of the State of Florida:

      i. It is the Defendant's good faith understanding and belief that the Plaintiff is a citizen of Broward County, Florida.

      ii. The Plaintiff provided a Hollywood, Florida address to the Defendant's employees at the time of the subject incident on August 1, 2011 and provided the same address to the EMS provider as well as to the hospital

where she received emergency care on the day of the subject incident.

iii. Additionally, pre-suit Plaintiff's Counsel provided the Defendant with medical records for the Plaintiff which show that the Plaintiff resided at the same Hollywood, Florida address as far back as August 2005.

See Audi Performance & Racing, LLC. v. Kasberger et al., 273 F.Supp.2d 1220, 1226 (M.D. Ala. 2003) (for purposes of diversity jurisdiction, "citizenship" means "domicile" ... "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom..."); see also Affidavit of Thomas W. Paradise, Esquire attached as Exhibit "B."

b. Defendant Target Corporation is a citizen of the State of Minnesota:

i. Target Corporation is a foreign, for profit corporation registered in the State of Minnesota. Target has filed the necessary documents with the Florida Secretary of State to establish that it is a corporation organized under the laws of Minnesota. A certified copy of Target's Certificate of Status issued by the Florida Department of State attesting that it is a corporation organized under the laws of Minnesota is attached hereto as Exhibit "C;"

AND

ii. Target Corporation's principal place of business/headquarters is located in Minneapolis, Minnesota. Target's For Profit Annual Report found online at the Secretary of State's website confirming its principal place of business and address are in Minnesota is attached as Exhibit "D."

See 28 U.S.C. 1332(c)(1).

## The Amount In Controversy Exceeds $75,000.00

7.    The amount in controversy in this matter exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

8.    Although it is not apparent from the face of the Plaintiff's Complaint that the jurisdictional amount is met, the "other papers" that been have produced to the Defendant by the Plaintiff in the form of medical records and bills show, by a preponderance of the evidence, that this matter is removable. *See* 28 U.S.C.A. § 1446(b); Bermudez, 2010 WL 2486868 at *3; Ford, 900 F.Supp. at 59.

9.    In this case, the Plaintiff is alleging that as a result of the subject incident she sustained injuries to her neck in the form of herniated and bulging discs, anterolisthesis and cervicobrachialgia, for which she underwent anterior cervical discscetomy and fusion surgery in March 2012.

10.    Pre-Suit Plaintiff's Counsel provided the Defendant with a demand for settlement along with a summary showing that the medical bills incurred by the Plaintiff allegedly as a result of the subject incident total $152,853.44. *See* Exhibit "E."

11.    Plaintiff also provided the Defendant with copies of the medical bills which totaled $152,958.44.[1] *See* Affidavit of Thomas W. Paradise, Esquire, attached as Exhibit "B;" *see also* Black v. State Farm Mutual Automobile Ins. Co., No. 10–80996–CIV, 2010 WL 4340281 at *1 (S.D. Fla. Oct. 22,2010) *citing* Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744, 755 (11th Cir. 2010) (*stating that* "a defendant may introduce its own affidavits, declarations, or other

---

[1] Due to HIPAA considerations, the undersigned cannot produce a copy of the Plaintiff's medical records and bills with its Notice of Removal. However, should the Court need to review the actual records or bills to determine whether diversity subject matter jurisdiction exists, then the undersigned will provide such documentation to the Court

documentation to meet its burden" of establishing jurisdiction).

12. The medical bills provided by the Plaintiff unequivocally clearly and certainly show that her past economic damages alone exceed the $75,000 jurisdictional threshold of this court. *See* Bosky v. Kroger Texas, LP, 288 F.3d 208, 211 (5th Cir. 2002) (*finding that* a "other paper" which shows the amount in controversy exceeds $75,000 which is "unequivocally clear and certain" will "start the time limit running for a notice of removal under the second paragraph of section 1446(b)"); *see also* La Rocca v. Stahlheber, 676 F. Supp.2d 1347, 149-1350 (S.D.Fla. 2009) (*finding that* medical reports contained in the plaintiff's demand could be used to demonstrate that the plaintiff's damages would exceed $75,000).

13. Also the Plaintiff's demand letter dated June 28, 2012, set forth a settlement demand well in excess of the $75,000.00 amount in controversy requirement. Due to the confidential nature of settlement discussions, Target is not disclosing the precise amount of the settlement demand. Should the Court require the precise amount of the settlement demand to determine whether diversity subject matter jurisdiction exists, Target can provide an unredacted copy of the settlement demand letter to the Court.

14. In order to establish that the amount in controversy exceeds the jurisdictional requirements of the Court, a Defendant can meet its "jurisdictional burden of establishing the amount in controversy based on information received from the Plaintiffs in the pre-suit demand package [that] ... reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiffs." Katz v. J.C. Penney Corp., Inc., No. 09-CV-60067, 2009 WL 1532129 at *5 (S.D. Fla. June 1, 2009). In Katz, the Defendant removed the case to Federal Court based on its "valuation of the jurisdictional amount through examining the medical records provided by the Plaintiff in it [pre-suit] demand package." Katz v. J.C. Penney Corp., Inc.,

2009 WL 1532129 at *3. (S.D. Fla. June 1, 2009).

15. Additionally, the Plaintiff's past and future medical bills do not account for any future medical expenses or any monetary compensation related to probable pain and suffering that could potentially be awarded to the Plaintiff by a jury.

16. The Plaintiff's past medical bills totaling $152,958.44, the type of injuries suffered by the Plaintiff and the medical treatment including surgery rendered allegedly as a result of the subject incident, as indicated in the Plaintiff's medical records and medical bills provide the necessary "other paper" which allows Target and the Court to ascertain by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional value.

## Removal is Timely pursuant to 28 U.S.C. § 1446(b)

17. The Plaintiff served the Summons and Complaint for this action on Target on July 19, 2012. See Exhibit "F." Therefore pursuant to 28 U.S.C. § 1446(b), the Notice of Removal has been timely filed.

## Procedural Matters

18. Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) and Local Rule 3.1 because this action is being removed from state court in which it was originally filed, the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

19. Target will give written notice of the filing of this notice as required by 28 U.S.C. § 1446 (d). A copy of this notice will be filed with the Clerk of the Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d).

20. Copies of all pleadings and filings made in the Circuit Court Case No.: CACE 12-017583 (12) are attached hereto and made a part hereof as Composite Exhibit "G."

WHEREFORE, the Defendant, TARGET CORPORATION respectfully requests this action be removed to this Court, and such further relief as the Court deems proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on August 14, 2012 to:

>Robert F. Reck, Jr., Esquire
>Baker, Reck & Associates, P.A.
>2500 East Hallandale Beach Boulevard
>Suite 705
>Hallandale, FL 33009
>Ph: 954-455-1933
>Fax: 954-455-1934
>Florida Bar Number: 108065
>Email: rfreckjresq@yahoo.com
>**Attorneys for the Plaintiff, Marie Corinne Doudeau**

**VERNIS & BOWLING OF BROWARD, P.A.**
5821 Hollywood Blvd
First Floor
Hollywood, FL 33021
Ph: (954) 927-5330
Fax: (954) 927-5320
Attorneys for Defendant, Target Corporation

By: _____
Thomas. W. Paradise, Esquire
Florida Bar No.: 907235
TParadise@Florida-Law.com

Nicolette N. John, Esquire
Florida Bar No.: 674941
NJohn@Florida-Law.com